# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MEGAN AROON DUNCANSON and
SHERI MARIE WISEMAN,

            **Plaintiffs,**

v.                                                                                          Case No:   6:14-cv-704-Orl-40KRS

WINE & CANVAS DEVELOPMENT,
LLC, SARAH MARIE WATHEN,
JOSHUA MICHAEL WATHEN, SJ
WATHEN BLOOMINGTON LLC,
YABOO LLC, WINE AND CANVAS IP
HOLDINGS LLC, TAMARA SCOTT,
ANTHONY SCOTT, WNC OF
JACKSONVILLE, LLC and WNC OF
ORLANDO, LLC,

            **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' AMENDED MOTION TO DISMISS AMENDED COMPLAINT AND FOR RELATED AND ALTERNATIVE RELIEF (Doc. No. 70)** |
| **FILED:** | **September 16, 2014** |

I previously issued a Report and Recommendation addressing the personal jurisdiction arguments raised in the amended motion to dismiss (the "Motion") of Wine and Canvas IP Holdings LLC ("W&C IP Holdings"); Wine & Canvas Development, LLC ("W&C Development"); SJ Wathen Bloomington LLC ("SJ Wathen Bloomington"); Anthony Scott ("Scott"); Tamara

McCracken ("McCracken"); Sarah Marie Wathen; Joshua Michael Wathen; and Yaboo, LLC. This Report and Recommendation addresses Defendants' remaining arguments concerning abstention, *forum non conveniens*, failure to state a claim, and misjoinder. Because the facts alleged in Plaintiffs' complaint differ in many respects from the facts presented during the jurisdictional hearing, the factual backdrop pertinent to this portion of the Motion also differs.

## I.   ALLEGATIONS OF THE AMENDED COMPLAINT.

Plaintiffs Megan Aroon Duncanson ("Duncanson") and Sheri Marie Wiseman ("Wiseman") are artists. Doc. No. 36 ¶ 16. Duncanson, a Florida resident, is the owner of multiple original works and makes a living off her artwork. *Id.* ¶ 3, 17. She has registered ownership of the following works with the U.S. Copyright Office: *Bubbling Joy Collection* (VA 1-860-451), *Fine Wine* (VA 1-872-069), *Spring Shine* (VA 1-872-068), *Twisting Love 2007* (VA 1-872-086), *Twisting Love 2011* (VA 1-872-071), and *Birds of a Feather* (VA 1-872-072). *Id.* ¶ 18. Duncanson has also registered *Tropical Energy* (VA0001860474) and *Blue Depth* (VA0001860474) as part of a collection titled "Published Paintings 2006." *Id.* Wiseman is a Utah resident who has registered ownership of her painting *Red Bonsai Rain* (VAu 1-141-493) with the U.S. copyright office. *Id.* ¶¶ 4, 19. Both individuals have sold their works online. *Id.* ¶¶ 17–19.

"Wine and Canvas" is a franchise business extending throughout at least forty-one geographical locations, as well as other mobile locations. *Id.* ¶ 6. The "Wine and Canvas" business model was founded by Scott and McCracken. *Id.* ¶ 7. Those individuals own W&C Development and W&C IP Holdings. *Id.* The "Wine and Canvas" brand is marketed through a website. *Id.* ¶ 9. W&C Development, W&C IP Holdings, Scott, and McCracken provide the other defendants with advertising, know-how, services, and other benefits for purposes of running their franchises. *Id.* ¶ 25. Plaintiffs are uncertain as to the precise entity that is the franchisor. *Id.* ¶ 23.

They claim, however, that all defendants other than W&C Development, W&C IP Holdings, Scott, and McCracken are franchisees. *Id.* ¶ 23.

Sarah Marie Wathen and Joshua Michael Wathen are Florida residents who are managers of WNC of Jacksonville, LLC. *Id.* ¶ 12.

Scott is also a manager of WNC of Orlando, LLC. *Id.* ¶ 8.

Plaintiffs allege that "Defendants are in the business of operating 'paint parties.'" *Id.* ¶ 26. For these parties, "Defendants" invite as many as one hundred students to take a painting class while enjoying cocktails. *Id.* ¶¶ 27–28. Each party is a new class in which an artist "instructs Defendants' 'students'" to recreate a work of art, so that each student may take home her own self-painted work. *Id.* ¶ 31. Plaintiffs claim that these paintings are reproductions either of an original work of art or of a derivative of an original work. *Id.* During the classes, students receive detailed instruction, guidance, coaching, and encouragement "by Defendant(s)" to make unauthorized reproductions. *Id.* ¶¶ 32, 40.

Plaintiffs claim that "Defendants' acts of infringement" are so widespread that "it is impracticable or impossible to detail all such acts in one complaint." *Id.* ¶ 33. Plaintiffs estimate that, because "Defendants cause the making of reproductions of reproductions of reproductions of reproductions," the number of infringements is in the thousands. *Id.* ¶ 34. They claim that they "will have to conduct discovery before being able to correctly estimate exactly how many . . . acts of infringement occurred." *Id.* ¶ 45. Plaintiffs also claim that "Defendant(s)" placed an unauthorized reproduction of one of the copyrighted works on their website calendar to advertise for upcoming classes. *Id.* ¶ 37. Plaintiffs allege that "Defendants represent to the public that it is an authorized copy created by an artists hired by Wine and Canvas Development LLC or other Defendant." *Id.* ¶ 38.

After some (but not all) classes, "the Defendant who hosted the class takes photographs" of students' paintings and posts them to its Facebook page. *Id.* ¶ 41. Plaintiffs believe these copies are then shared with "fans" or "friends." *Id.* Students also take their own photographs and share them via social media or blogs. *Id.* ¶ 42. "Wine and Canvas [f]ranchisees" also take photographs of students while they are painting and post those photographs to their websites or Facebook pages for promotional purposes. *Id.* ¶ 43.

Plaintiffs identify fifty-four specific acts of infringement that they attribute to "Defendants[]." *Id.* ¶¶ 46, 51. They do not identify which specific defendant is alleged to have committed each individual act of infringement. *Id.* Instead, Plaintiffs identify twenty-eight unique "locations" across the country where the acts allegedly took place. *Id.* A number of the acts occurred after Duncanson accused W&C Development of copyright infringement via email and Facebook. *Id.* ¶¶ 47–48, 50–51.

Plaintiffs further claim that "several Wine and Canvas locations publicly displayed copies of the infringements in their art studios." *Id.* ¶ 52. Although Plaintiffs again identify locations with respect to this assertion, they do not identify a specific defendant responsible for the act. *Id.* Plaintiffs also claim that acts of infringement occurred or were planned after the complaint was filed in this lawsuit. *Id.* ¶¶ 54–60. Again, Plaintiffs do not attribute any particular act to a specific defendant. *Id.*

Plaintiffs contend that "Defendants" committed direct copyright infringement when "they copied constituent elements of the [copyrighted works] that are original." *Id.* ¶ 65. They claim that "Defendants" infringed upon their works by publishing and distributing infringements on their Facebook pages and taking photographs of infringements during classes. *Id.* ¶ 67. Plaintiffs also raise claims for contributory copyright infringement, alleging that "multiple acts of infringement

occurred as a result of Defendants' intentional inducement or encouragement of infringement" during painting classes. *Id.* ¶ 72. Plaintiffs finally contend that W&C Development, W&C Holdings, Scott, McCracken, Mr. Wathen, and Ms. Wathen vicariously infringed upon the copyrighted works by instructing their "franchisees or licensees" to copy, reproduce, and display Plaintiffs' works, while benefitting financially therefrom. *Id.* ¶¶ 78, 81.

## II.  DISCUSSION.

As noted above, Defendants argue that the claims against them should be dismissed on the grounds of abstention, *forum non conveniens*, failure to state a claim, and misjoinder. First, I will address whether the Court should abstain under the doctrine set forth in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Second, I will address whether the doctrine of *forum non conveniens* warrants dismissal. Third, I will address whether Plaintiff's amended complaint is a "shotgun" pleading and what course of action the Court should take in light of that determination. Finally, I will provide my recommended disposition for Defendants' failure-to-state-a-claim and misjoinder arguments.

### A.  *Colorado River Abstention is Unwarranted in This Case.*

Defendants urge the Court to abstain from hearing the claims of Duncanson under the *Colorado River* doctrine.[1] Doc. No. 70, at 22–23.[2] They argue that, on February 19, 2013, W&C Development filed a lawsuit against Duncanson that is currently pending before the Hamilton County Superior Court in the State of Indiana. Doc. No. 70, at 16 ¶ 26. Defendants claim that the lawsuit alleged, *inter alia*, "defamation arising out of [Duncanson]'s alleged defamatory statements

---

[1] Defendants do not, however, request that the Court abstain from considering the claims of Plaintiff Wiseman. *See* Doc. No. 70, at 22–23.

[2] Throughout this Report and Recommendation, when citing to the Motion I will refer to the page numbers assigned when the Motion was filed in CM/ECF, rather than the page numbers assigned by Defendants.

falsely accusing [W&C Development] of copyright infringement and theft relating to the very works identified and factual allegations alleged in this litigation." *Id.*

Defendants argue that Duncanson never attempted to remove the Indiana case to federal court to assert her copyright infringement claims as compulsory counterclaims. *Id.* at 16 ¶ 27. Moreover, they argue that Duncanson "voluntarily waived the right to seek relief under [the applicable] Federal law by choosing not to remove the Indiana [a]ction to Federal Court." *Id.* at 22–23.

The doctrine of abstention, which permits a district court to decline the exercise of its jurisdiction, "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Colorado River*, 424 U.S. at 813. Generally, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id.* at 817 (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)) (internal quotation marks omitted). Nevertheless, under the *Colorado River* doctrine, a federal court may abstain from a case if (1) a parallel lawsuit is proceeding in state court and (2) considerations of judicial administration demand abstention. *Jackson-Platts v. General Elec. Capital Corp.*, 727 F.3d 1127, 1140 (11th Cir. 2013)

A federal court, therefore, may only abstain under the *Colorado River* doctrine if the state action is parallel, which means that it involves "substantially the same parties and substantially the same issues." *Ambrosia Coal & Constr. Co. v. Pagés Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004)). Identical parties, issues, and requests for relief are not required. *Id.* at 1329–30. Even so, abstention is only appropriate when a district court concludes that the parallel state-court litigation "will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983). If the

Court has any substantial doubt as to such complete resolution, "it would be a serious abuse of discretion to grant the stay or dismissal at all." *Id.* Consequently, the decision to abstain under the *Colorado River* doctrine "necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case." *Id.*

I recommend that the Court find that abstention is not appropriate in this case because the Indiana case is not a parallel state court action that could yield a complete resolution of the issues raised in this case. As Plaintiffs correctly note, Duncanson now raises claims under the Copyright Act, which confers exclusive jurisdiction upon the federal courts. *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989). Consequently, Duncanson could not have raised her copyright claims in the state court, and the state court has no authority to resolve those claims. Under these circumstances, abstention is inappropriate. *See Key v. Wise*, 629 F.2d 1049, 1059 (5th Cir. 1980) ("When Congress has directed . . . not only that the federal courts may take jurisdiction of a particular class of cases, but also that they have exclusive jurisdiction of those cases, abstention to permit adjudication of the entire case in a state forum defeats the purpose of that legislation.");[3] *see also Cottrell v. Duke*, 737 F.3d 1238, 1245 (8th Cir. 2013) ("[T]he consensus among circuits [is] that *Colorado River* does not apply when an exclusively federal claim is properly before the district court."); *Olsen v. Paine Webber, Jackson & Curtis, Inc.*, 623 F. Supp. 17, 18 (M.D. Fla. 1985) (determining that it would be inappropriate to stay a federal proceeding containing a federal securities claim for which the court had exclusive jurisdiction pending the outcome of state proceedings).

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all binding decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Moreover, "no authority . . . suggest[s] that a federal action is parallel to a state or foreign action for *Colorado River* abstention purposes when the claim upon which the federal action is based is pleadable as a compulsory counterclaim in the other action." *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 594 (7th Cir. 2005) (alterations in original) (quoting *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 522 (7th Cir. 2001); *R.E. Loans, LLC v. Eagle Grp. Brokers, LLC*, No. 3:08cv76/MCR, 2009 WL 837668, at *3 (N.D. Fla. Mar. 30, 2009). Similarly, although Defendants argue that Plaintiff Duncanson could have removed the action to federal court in Indiana and pled the copyright claims, the *Colorado River* analysis looks only to those issues actually raised in the *state* case. *See Baskin v. Bath Twp. Bd. of Zoning Appeals*, 15 F.3d 569, 572 (6th Cir. 1994) ("[I]n deciding whether a state action is parallel for abstention purposes, the district court must compare the issues in the federal action to the issues *actually* raised in the state court action, not those that might have been raised.") (emphasis added).

In light of the foregoing, I need not address whether considerations of judicial administration demand abstention. Because the Indiana state action is not a parallel action, I respectfully **RECOMMEND** that the portion of Defendants' motion seeking dismissal based on the *Colorado River* doctrine be **DENIED**.

    B.    *The Doctrine of Forum Non Conveniens Is Not Applicable in This Case.*

Under the doctrine of *forum non conveniens*, a federal district court may dismiss an action if it determines that "a court abroad is the more appropriate and convenient forum for adjudicating the controversy." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007). "The common-law doctrine of *forum non conveniens* 'has continuing application [in federal courts] only in cases where the alternative forum is abroad,' and perhaps in rare instances where a state or territorial court serves litigational convenience best." *Id.* at 430 (quoting *Am. Dredging Co. v.*

*Miller*, 510 U.S. 443, 449 n.2 (1994)); *accord Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 722 (1996) ("[T]o the extent we have continued to recognize that federal courts have the power to dismiss damages actions under the common-law *forum non conveniens* doctrine, we have done so only in cases where the alternative forum is abroad."). "For the federal-court system, Congress has codified the doctrine and provides for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action." *Sinochem Int'l Co.*, 549 U.S. at 430.

Defendants appear to argue that dismissal is warranted because a federal court in Indiana would provide a more convenient forum for this action.[4]  Doc. No. 70, at 27.  As noted above, however, the doctrine of *forum non conveniens* is inapplicable when the more convenient forum is another federal court.  *See CSX Transp., Inc. v. Blakeslee*, No. 3:12-cv-713-J-34TEM, 2013 WL 1193183, at *3 (M.D. Fla. Mar. 22, 2013) (concluding that a defendant's assertion of *forum non conveniens* because a federal court in Connecticut was a more convenient forum was "misplaced"); *Cont'l Motors, Inc. v. Jewell Aircraft, Inc.*, 882 F. Supp. 2d 1296, 1312 (S.D. Ala. 2012) (stating that a defendant's attempt to dismiss an action under *forum non conveniens* because suit in another federal court would be preferable was "a fundamental misapplication of that doctrine"). Consequently, I respectfully **RECOMMEND** that Defendants' motion to dismiss be **DENIED** insofar as it seeks dismissal of Plaintiffs' claims under the doctrine of *forum non conveniens*.

C. *Plaintiff's Amended Complaint Is a Shotgun Pleading and Should Be Stricken.*

Plaintiffs' amended complaint is a quintessential "shotgun" pleading.  A typical shotgun

---

[4] I acknowledge that, with respect to identifying the precise court they believe is more convenient, Defendants' motion is vague.  *See* Doc. No. 70, at 27.  Even assuming that they meant to assert that Indiana state court provided a more convenient forum, however, the argument would still fail because they would not be able to demonstrate that "an adequate alternative forum is available."  *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311.  As was noted previously, federal courts have exclusive jurisdiction over federal copyright claims, and hence, an Indiana state court could not grant affirmative relief with respect to those claims. Consequently, dismissal under *forum non conveniens* in such circumstances would be inappropriate.

pleading contains multiple counts and incorporates by reference all antecedent allegations into each count. *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). Such pleadings make it "virtually impossible to ascertain what factual allegations correspond with each claim and which claim is directed at which defendant." *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 372 (11th Cir. 2005).[5] They wreak havoc on the judicial system and divert judicial resources into disputes that have not been structured in a way that will efficiently use those resources. *Wagner*, 464 F.3d at 1279. "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996).

Plaintiff's pleading in many respects mirrors the one considered by the Eleventh Circuit in *Magluta v. Samples*, 256 F.3d 1282, 1284–85 (11th Cir. 2001). The complaint there named fourteen defendants and charged all defendants in each count. *Id.* at 1284. The document was "replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of." *Id.* Each count incorporated the allegations that preceded it, with the result being that the allegations material to each count were "buried beneath innumerable pages of rambling irrelevancies." *Id.* Such a complaint disregarded the requirements of Federal Rules of Civil Procedure 8 and 10. *Id.* at 1284–85. Consequently, the Eleventh Circuit vacated the judgment dismissing the action under Rule 12(b)(6), and ordered the district court to enter an order striking the complaint and requiring

---

[5] Unpublished opinions from the United States Court of Appeals for the Eleventh Circuit are cited herein as persuasive authority.

repleader of all claims in the complaint. *Id.* at 1285.

Plaintiff's amended complaint repeatedly treats the Defendants—which include four individuals and seven limited liability companies—collectively, as "Defendants" or "Defendant(s)," without any distinction as to which allegations are specific to each defendant. *See* Doc. No. 36 ¶¶ 33–34, 37–40, 43–46, 60, 65–67, 71–74. Plaintiffs also refer to several Wine and Canvas locations without making clear to whom specifically—if any named party at all—these allegations relate. *Id.* ¶¶ 46, 51. Instead, the amended complaint merely groups these allegations as "Defendants' multiple, individual, and specific acts of infringement." *Id.* Plaintiff does this even though she identifies twenty-eight unique locations across the country in those paragraphs, with acts of infringement occurring at different times. *Id.* Tellingly, Plaintiffs' own pleading admits to "confusion . . . as to exactly who does what." *Id.* ¶ 5. Moreover, each of Plaintiffs' counts simply incorporates by reference all sixty paragraphs that precede them.

Plaintiffs' shotgun pleading is "in no sense the 'short and plain statement of a claim' required by Rule 8." *Magluta*, 256 F.3d at 1284 (quoting Fed. R. Civ. P. 8(a)(2)). The above discussion reflects only some of the many ways in which Plaintiffs' pleading makes it impossible — for both the Court and Defendants — to determine which factual allegations and claims of infringement are directed at each defendant. *See*, *e.g.*, *id.* at 1284–85; *T-12 Entm't, LLC v. Young Kings Enters.*, 36 F. Supp. 3d 1380, 1387 (N.D. Ga. 2014) ("[T]he inability-to-frame-an-answer problem has another frequent cause: failure to specify which defendant is responsible for each act alleged."); *Regenicin, Inc. v. Lonza Walkersville, Inc.*, 997 F. Supp. 2d 1304, 1314 (N.D. Ga. 2014) ("It is not enough to group all the . . . entities together as 'Defendants.'").

The Eleventh Circuit has repeatedly made clear that, when faced with a shotgun pleading and defense counsel's failure to ask for repleader, the district court should, *sua sponte*, strike the

plaintiffs' complaint and instruct plaintiffs' counsel to file a more definite statement. *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127 (11th Cir. 2014); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008); *Anderson*, 77 F.3d at 366.  Accordingly, I respectfully **RECOMMEND** that the Court **STRIKE** Plaintiffs' amended complaint (Doc. No. 36).  I further **RECOMMEND** that Plaintiffs be given leave to file an amended pleading that corrects their pleading deficiencies and complies with the Federal Rules of Civil procedure within fourteen (14) days of the Court's order striking the amended complaint.[6]  If such leave is granted, Plaintiffs should specifically identify the particular defendant or defendants alleged to have committed each individual infringing act, as well as the factual predicates necessary to establish the plausibility of such claims.

> D.   *Because Plaintiffs' Shotgun Pleading Should Be Stricken, Defendants' Failure-to-State-a-Claim and Misjoinder Arguments Are Moot.*

The Court must accept the allegation in Plaintiffs' pleading as true in resolving Plaintiffs' arguments for failure to state a claim and misjoinder.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (failure to state a claim); *Potts v. B&R, LLC*, No. 8:13-cv-2896-T-27TGW, 2014 U.S. Dist. LEXIS 54975, at *6 (M.D. Fla. Apr. 21, 2014) (misjoinder).  However, because I have recommended that Plaintiffs' shotgun pleading be stricken, I also **RECOMMEND** that the Court **DENY AS MOOT** Defendants' motion to dismiss insofar as it raises the arguments of failure to state a claim and misjoinder.

Failure to file written objections to the proposed findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar an

---

[6] Plaintiffs should not, however, reassert claims against Defendants with respect to whom the Court finds that it cannot exercise personal jurisdiction unless additional facts can be alleged to establish that exercise of personal jurisdiction would comport with the governing law.

aggrieved party from challenging on appeal the district court's order based on unobjected-to factual findings and legal conclusions.

Recommended in Orlando, Florida on June 24, 2015.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy