UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MEGAN AROON DUNCANSON and
SHERI MARIE WISEMAN,

        Plaintiffs,

v.                                          Case No: 6:14-cv-704-Orl-40KRS

SARAH MARIE WATHEN, JOSHUA
MICHAEL WATHEN, SJ WATHEN
BLOOMINGTON LLC, WINE AND
CANVAS IP HOLDINGS LLC, TAMARA
MCCRACKEN, ANTHONY SCOTT,
WNC OF JACKSONVILLE, LLC, WNC
OF ORLANDO, LLC, WNC OF TAMPA
LLC, WINE & CANVAS OF FORT
MYERS, LLC, WNC OF FORT
LAUDERDALE LLC and WNC OF
FORT MYERS LLC,

        Defendants.
_____/

## ORDER

This cause comes before the Court on the following:

1. Defendants' Motion for Dismissal With Prejudice and Motion for Fees and/or Sanctions (Doc. 166), filed January 25, 2016;

2. Plaintiffs' Response in Opposition to Defendants' Motion for Dismissal With Prejudice and Motion for Fees and/or Sanctions (Doc. 183), filed February 9, 2016;

3. Defendants' Motion to Extend Time to Assert Counterclaims in Response to Plaintiffs' Second Amended Complaint (Doc. 177), filed February 8, 2016;

4. Plaintiffs' Response to Defendants' Motion to Extend Time to Assert Counterclaims (Doc. 187), filed February 22, 2016; and

5. Plaintiffs' Motion to Strike Defendants' Affirmative Defenses and Immaterial Paragraph with Incorporated Memorandum of Law (Doc. 189).

## I. BACKGROUND[1]

Defendants move to dismiss Plaintiffs' Second Amended Complaint. For the purposes of resolving the instant motions, however, the Court need not set out the detailed facts of this case. Briefly, Plaintiffs, Megan Aroon Duncanson and Sheri Marie Wiseman, are visual artists who have authored and hold copyrights to various works of art. (Doc. 146, ¶¶ 17, 18). Plaintiffs allege that Defendants hosted "paint parties" where customers go to a bar or restaurant and are taught to paint a featured painting. (*Id.* ¶¶ 24–39). Plaintiffs allege that, on numerous occasions, Defendants used their copyrighted works at various paint parties without their permission. (*See id. passim*).

## II. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). Thus, in order to survive a motion to dismiss made pursuant to Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff "pleads factual content

---

[1] This account of the facts is taken from Plaintiffs' Second Amended Complaint (Doc. 146), the allegations of which the Court must accept as true in considering Defendants' Motion for Dismissal. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Though a complaint need not contain detailed factual allegations, mere legal conclusions or recitation of the elements of a claim are not enough. *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts must also view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

### III. DISCUSSION

#### A. Recent Resolutions

Before analyzing the merits of Defendants' arguments, the Court notes that the following claims have been resolved since Defendants filed their motion to dismiss:

1. Wiseman has settled her claims against:

    a. WNC of Jacksonville LLC (Doc. 174)

    b. WNC of Fort Meyers LLC (Doc. 175)

    c. SJ Wathen Bloomington LLC (Doc. 186)

    d. Sarah Marie Wathen (Doc. 186)

    e. Joshua Michael Wathen (Doc. 186)

2. Duncanson has voluntarily dismissed her claims against Wine and Canvas IP Holdings LLC ("IP Holdings"). (Doc. 178).

**B.     Count 1: Standing**

In Count 1, Plaintiff Wiseman sues Defendant McCracken for fraud on the Copyright Office. Wiseman asserts that McCracken fraudulently registered Wiseman's work, *Red Bonsai Rain*, as *The Red Tree*, and claimed that the work belonged to McCracken. (Doc. 146, ¶¶ 43, 44). McCracken argues that Wiseman does not have standing to bring a claim "on behalf of the Copyright Office itself," but cites no legal authority for her position. (Doc. 166, p. 1). Wiseman responds that courts have allowed claims for a declaratory judgment that a copyright is invalid premised on fraud. (Doc. 183, p. 3).

Based on a review of controlling and persuasive case law, it appears that Wiseman is correct. *See Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 827–28 (11th Cir. 1982) (citing with approval cases where courts found that the copyright holder's copyright was invalid due to the intentional failure to inform the Copyright Office of pre-existing works). Wiseman seeks a declaration that McCracken is not the valid copyright holder of *The Red Tree* in paragraph a of the "wherefore" clause of Count 1. This requested remedy will be allowed. However, Wiseman's request for damages suffered as a result of McCracken's fraud on the Copyright Office, set forth in paragraph d of the "wherefore" clause of Count 1, is inappropriate in light of persuasive caselaw. *See Shirokov v. Dunlap, Grubb & Weaver*, PLLC, No. 10-12043-GAO, 2012 WL 1065578, at *31 (D. Mass. Mar. 27, 2012) ("Claims for damages are not available to an alleged infringer who claims that the copyright holder committed fraud on the Copyright Office."); *Chivalry Film Prods. v. NBC Universal, Inc.*, No. 05 Civ. 5627(GEL), 2006 WL 89944, at

\*3 (S.D.N.Y. Jan. 11, 2006) (same). Thus, McCracken's motion to dismiss Count 1 is due to be granted in part and denied in part as stated herein.

### C. Counts 72–76, 81–100, 107–109, and 112: Statute of Limitations

Title 17 U.S.C. § 507(b) requires that a claim arising under the Copyright Act be brought within three years of the claim's accrual. Defendants argue that Counts 72–76, 81–100, 107–109, and 112 are new claims that should be dismissed because they were filed more than three years after the date of the alleged infringement. (Doc. 166, pp. 1–2). Plaintiffs contend that these claims relate back to the original filing date in this lawsuit and thus, were brought within the applicable statute of limitations. (Doc. 183, pp. 5–6).

"There are two tests for when the statute of limitations begins to run in copyright cases." *Sieger Suarez Architectural P'ship, Inc. v. Arquitectonica Int'l Corp.*, 998 F. Supp. 2d. 1340, 1354 (S.D. Fla. 2014). Under the majority position, referred to as the "discovery rule," "a copyright infringement cause of action accrues when a copyright owner knew or should have known of the alleged infringement." *Id.* Under the minority position, referred to as the "injury rule," "the statute of limitations begins to run when the alleged infringement occurred." *Id.* While the Eleventh Circuit has not explicitly adopted either position, other Middle District of Florida courts have held that the discovery rule controls. *Id.* Federal Rule of Civil Procedure 15 serves to further toll any applicable statute of limitations by allowing an amendment to a pleading to relate back to the date of the original proceeding when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

5

Plaintiffs' first Complaint was filed on May 5, 2014. (Doc. 1). In that pleading, Plaintiffs alleged infringement of *Bubbling Joy*, *Red Bonsai Rain*, and *Tropical Energy*. (*Id.*). In Plaintiffs' most recent complaint, the Second Amended Complaint, they allege new claims of infringement of these works which, pursuant to Rule 15, relate back to the filing of the first Complaint, since the claims arise out of the same or similar conduct. Therefore, in order to be actionable, Plaintiffs must have filed their first Complaint within three years of when they knew or should have known of Defendants' infringement.

In arguing that Claims 72–76, 81–100, 107–109, and 112 should be dismissed, Defendants begin to count the three year statute of limitations as running from the date of the alleged infringement. (Doc. 166, p. 2). However, as explained above, this Court follows the discovery rule, and it is unclear from the face of the Second Amended Complaint when Plaintiffs knew or should have known of the infringement in each of these newly asserted claims. However, for purposes of the Court's analysis, Plaintiffs could not have known of an infringement which had not yet occurred. Thus, as long as Plaintiffs' original Complaint was filed within three years of when Defendants' alleged infringement occurred, the claims would not be subject to dismissal.

The original Complaint was filed within three years of the date of infringement in all but two of Counts 72–76, 81–100, 107–109, and 112. As to those two counts—Counts 81 and 82—they allege that infringement of *Red Bonsai Rain* occurred on April 26, 2011. Plaintiffs' first Complaint was filed on May 5, 2014, making the filing of the first Complaint slightly over the three year statute of limitations, assuming for present purposes only that Plaintiffs learned of the alleged infringement the day it occurred. However, dismissal is only appropriate "if it is 'apparent from the face of the complaint' that the claim is time-

barred." *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004) (quoting *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1251 (11th Cir. 2003) (per curiam)). Here, Defendants have not demonstrated when Plaintiffs knew or should have known of the alleged infringement of *Red Bonsai Rain* in Counts 81 and 82. Thus, it is not appropriate to dismiss Counts 81 and 82 at this juncture. As to Count 107, Duncanson has voluntarily dismissed her claim against Wine and Canvas IP Holdings LLC. (Doc. 178). Therefore, the motion to dismiss Count 107 is denied as moot.

**D. Counts 159 and 162: Subject Matter Jurisdiction**

Defendant IP Holdings moves to dismiss Duncanson's claims against it in Counts 159 and 162. However, Duncanson has voluntarily dismissed her claims against IP Holdings. (Doc. 178). Therefore, the motion to dismiss Counts 159 and 162 is denied as moot.

**E. Counts 105–162: Failure to State a Claim/Failure to Join Necessary Parties**

Defendant IP Holdings moves to dismiss Duncanson's claims against it for vicarious and contributory infringement. However, Duncanson has voluntarily dismissed her claims against IP Holdings. (Doc. 178). Therefore, the motion to dismiss Counts 105 through 162 is denied as moot.

**F. Counts 69–70 and 105–162: Personal Jurisdiction of Duncanson's Claims Against IP Holdings**

Defendant IP Holdings moves to dismiss Duncanson's claims against it in Counts 69–70 and 105–162. However, Duncanson has voluntarily dismissed her claims against

IP Holdings. (Doc. 178). Therefore, the motion to dismiss Counts 69 and 70, as to IP Holdings only, and Counts 105 through 162 is denied as moot.

### G.     Counts 3, 4, and 66: Personal Jurisdiction Against Anthony Scott

Defendants argue that the Court lacks personal jurisdiction over Defendant, Anthony Scott ("Scott), and, therefore, the Court should dismiss Counts 3, 4, and 66. However, Count 3 does not allege a claim against Scott. Count 4 alleges contributory and vicarious infringement of Plaintiff Wiseman's rights to *Red Bonsai Rain* against Scott, among others, on September 4, 2015 at a Ceviche restaurant in Orlando, Florida. (Doc. 146). Count 66 alleges contributory and vicarious infringement of Plaintiff Wiseman's rights to *Red Bonsai Rain* against Scott, among others, on November 13, 2012 at a Bahama Breeze restaurant in Jacksonville, Florida. (*Id.*). However, the Court previously concluded that it has long-arm jurisdiction over Scott with respect to Wiseman's claims against him. (Doc. 123, p. 37; *adopted at* Doc. 135, p. 13). Therefore, the motion to dismiss Count 3 against Scott is denied as moot and the motion to dismiss Counts 4 and 66 against Scott is denied.

### H.     Counts 2–68 and 71–162: Statutory Remedies

Defendants argue that Plaintiffs are barred from recovering statutory damages and attorney's fees under 17 U.S.C. §§ 504 and 505 for Counts 3 through 68 and 71 through 162. The Copyright Act provides:

> In any action under this title, . . . an action for infringement of the copyright of a work that has been preregistered under section 408(f) before the commencement of the infringement and that has an effective date of registration not later than the earlier of 3 months after the first publication of the work or 1 month after the copyright owner has learned of the infringement, or an action instituted under section 411(c), no award of statutory damages or of attorney's fees, as provided

8

> by sections 504 and 505, shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412 (2012); *see also Homes & Land Affiliates, LLC v. Homes & Loans Magazine, LLC*, 598 F. Supp. 2d 1248, 1270 (M.D. Fla. 2009) ("Pursuant to 17 U.S.C. § 412, awards of statutory damages and attorney's fees are unavailable to the copyright owner if the infringing activity began after publication of the work but before registration unless registration is made within three months after first publication of the disputed material.").

Defendants set forth a chart of Plaintiffs' artworks detailing the publication date and the actual registration date to demonstrate that Plaintiffs are not entitled to statutory damages or attorney's fees for these works. (Doc. 165, p. 10). Plaintiffs respond that such a determination is inappropriate on a motion to dismiss, arguing that an appreciable period of time passed between pre-registration infringement and post-registration infringement, making statutory damages or attorney's fees available remedies again. (Doc. 183, p. 11). The Court has previously determined that a decision about whether to allow a claim for statutory damages and attorney's fees may be resolved at the motion to dismiss phase where it is apparent from the face of the complaint that § 412 would bar such remedies. *See GlobalOptions Servs., Inc. v. N. Am. Training Grp., Inc.*, No. 4:14-cv-2048-Orl-40DAB, 2015 WL 5474328, at *3 (M.D. Fla. Aug. 19, 2015).

However, Plaintiffs argue that it is not apparent at this stage that they are barred from recovering the remedies under §§ 504 and 505 under their theory that "a post-registration act of infringement will not be deemed to have commenced before registration

if the infringing activity ceased for an appreciable period of time." *Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150, 159 (2d Cir. 2007). "In such a case, the copyright owner could recover statutory damages and attorney's fees for that new, post-registration act of infringement." *Id.*; *see also Pegasus Imaging Corp. v. Northrop Grumman Corp.*, No. 8:07-CV-1937-T-27EAJ, 2010 WL 4627721, at *5 (M.D. Fla. Nov. 5, 2010). Because Plaintiffs have cited to some legal authority to support their proposition, the Court finds that it would be inappropriate at this time to strike such remedies. This matter may better be dealt with at a later time in the ligation. Therefore, Defendants' motion to dismiss Counts 2–68 and 71–162 is denied.

### I. Counts 3–68, 81–104, and 116: Willfulness

While not altogether clear, Defendants appear to argue that Plaintiff Wiseman has conceded that each licensee of *The Red Tree* is isolated from liability in counts 3–68 and 81–104[2] because such infringement falls under the innocent infringer rule. Citing no legal authority for this position, Defendants seem to imply that these counts should be dismissed because the licensees would not be liable if found to be an innocent infringer. However, an innocent infringer can be liable for infringement because intent is not an element of an infringement claim. *Thornton v. J Jargon Co.*, 580 F. Supp. 2d 1261, 1275 n.6 (M.D. Fla. 2008). Consequently, Defendants' motion to dismiss Counts 3–68, 81–104, and 116 is denied.

### J. Defendants' Request for Fees, Expenses, and Costs

Lastly, Defendants request sanctions against Plaintiff under Rule 11, 28 U.S.C. § 1927, or the Court's inherent authority. "[A] district court's authority to issues sanctions

---

[2] Defendants make no mention of Count 116 in the body of their argument.

for attorney misconduct under § 1927 is either broader than or equally as broad as the district court's authority to issue a sanctions order under its inherent powers." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2006). There are three requirements for imposing sanctions under § 1927:

> First, the attorney must engage in "unreasonable and vexatious" conduct. Second, that "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings." Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, *i.e.,* the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

*Id.* (quoting *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)). Federal Rule of Civil Procedure 11(c) also provides for the imposition of sanctions when, for example, an attorney has pursued a baseless claim. At this stage of the proceeding, the Court does not find that Plaintiffs' counsel has pursued an objectively untenable factual or legal position, has multiplied the proceedings unnecessarily, or has acted in bad faith. Thus, the Court denies Defendants' request for sanctions.

### IV.   PLAINTIFFS' MOTION TO STRIKE

Plaintiffs filed their Motion to Strike Defendants' Affirmative Defenses and Immaterial Paragraph with Incorporated Memorandum of Law (Doc. 189) filed March 1, 2016. The United States Magistrate Judge has submitted a report recommending that the motion be granted.

After an independent *de novo* review of the record in this matter, and noting that no objections were timely filed, the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation.

**V.    CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion for Dismissal With Prejudice and Motion for Fees and/or Sanctions (Doc. 166) is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. Defendants' motion to dismiss Plaintiffs' claims for damages in Count 1 is **GRANTED**.

    b. The motion is **DENIED** in all other respects.

2. The Report and Recommendation filed March 21, 2016 (Doc. 204) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

3. Plaintiffs' Motion to Strike Defendants' Affirmative Defenses and Immaterial Paragraph with Incorporated Memorandum of Law (Doc. 189) is **GRANTED**.

4. The Defendants' Affirmative Defenses and the paragraph in the Answer entitled "Non-Waiver of Jurisdiction and Other Rule 12 Defenses" are **STRICKEN WITHOUT PREJUDICE**.

5. Defendants **SHALL** file an Amended Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint in the form required by the Federal Rules of Civil Procedure **on or before April 27, 2016**.

6. Defendants' Motion to Extend Time to Assert Counterclaims in Response to Plaintiffs' Second Amended Complaint (Doc. 177) is **GRANTED**.

Defendants shall assert any counterclaims **on or before April 27, 2016**.

**DONE AND ORDERED** in Orlando, Florida on April 14, 2016.

																				_____
																				PAUL G. BYRON
																				UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record